UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| OUDIA RIGNEY, as Administrator of the Estate of PAUL RAY RIGNEY, SR., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 6: 06-187-DCR |
| V. | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| CHARLES MARCUM, et. al., | ) ) | |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

The matter is before the Court for consideration of the Plaintiff's motion for warning order attorney [Record No. 2] and motion to prevent the spoliation of evidence. [Record No. 3] Being sufficient advised, the Court will deny the Plaintiff's motion for warning order attorney and will deny, without prejudice, the motion to prevent the spoliation of evidence.

In the complaint, the Plaintiff named "Unknown Defendants" as Defendants in this action and indicated that they were unknown agents or employees of the Clay County Detention Facility.  Despite the somewhat more specific pleading requirements for § 1983, plaintiffs in a § 1983 action have an opportunity to name "John Doe" defendants.  *See e.g., Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  However, the Plaintiff has improperly moved the Court to appoint a warning order attorney to represent the "Unknown Defendants" named in the complaint.  Determining the identity of unknown defendants is a discovery matter.  If the names of these parties can be secured through discovery, the Plaintiff may specifically name those unknown agents and/or employees of the Clay County Detention Center and make them

defendants in the lawsuit. *See Baskin v. City of Des Plaines*, 138 F.3d 701, 703-04 (7th Cir. 1998). At that point, the newly-named defendants may, if they choose, retain counsel to represent them in the matter. Therefore, the Court will deny the Plaintiff's request to appoint a warning order attorney.

The Plaintiff has also moved the Court an order directing Charles Marcum, James Garrison and any parties acting at their direction to retain evidence in its current condition to prevent spoliation. Inasmuch as these parties have an obligation not to destroy such evidence, the Court does not believe such relief is appropriate, absent evidence that the Defendants intend to take contrary action. No such representations have been made the Plaintiff as of this date.

Accordingly, it is hereby **ORDERED** that:

1.     The Plaintiff's motion for warning order attorney [Record No. 2] is **DENIED**;

2.     The Plaintiff's motion for an Order to prevent spoliation of evidence [Record No. 3] is **DENIED**, without prejudice.

This 22nd day of May, 2006.



Signed By:

**_Danny C. Reeves_** DCR

**United States District Judge**